UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH ALAN SCOTT,

    Plaintiff,

v.                              Case No.  5:19-cv-59-MCR/MJF

JOHN TATE,

    Defendant.
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the court on Plaintiff's complaint filed under 42 U.S.C. § 1983 (Doc. 1), and his motion to proceed *in forma pauperis* (Doc. 7). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of Plaintiff's complaint, the undersigned concludes that this case should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Plaintiff's allegations fail to state a facially plausible § 1983 claim against the Defendant, and the deficiency cannot be overcome through amendment.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I.      **Background and Procedural History**

Plaintiff initiated this action on February 25, 2019, while confined at the Holmes County Jail awaiting trial on a charge related to the taking of someone's "4-wheeler." (Doc. 1, p. 5). Plaintiff is suing John Tate, the Sheriff of Holmes County, claiming that he is being falsely imprisoned, wrongly accused, and defamed because he is innocent of the charge. Plaintiff explains: "I gave Brandon Newsome a name to find his 4 wheeler (Jacob Joyner)." (Doc. 1, p. 5). As relief, Plaintiff seeks to be released from jail because he "br[oke] no laws." (Doc. 1, p. 7).

II.     **Discussion**

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480,

1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v.*

*Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Plaintiff's claim for injunctive relief is barred from the court's consideration by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and *Samuels v. Mackell*, 401 U.S. 66 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53–54). Subsequent decisions have refined *Younger* to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus Cty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

Resolving Plaintiff's constitutional challenge to his arrest, detention, and ongoing criminal proceedings would significantly interfere with the pending state criminal prosecution. None of the exceptions to the *Younger* doctrine appear to

apply. Plaintiff's allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Plaintiff makes no such showing here.

Moreover, Plaintiff has an adequate state forum in which to raise his claims. He may raise his claims in his state criminal proceeding. Because it appears from the face of the complaint that the *Younger* abstention doctrine bars this court from

interfering in Plaintiff's state court criminal proceeding, this suit for injunctive relief should be dismissed.

## III. Conclusion

For the reasons set forth above, it is **ORDERED**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 7) is **GRANTED** for the limited purpose of dismissing this case.

In addition, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2. The clerk of court close this case file.

At Panama City, Florida, this 1st day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**